LAND, J.
 

 Plaintiff is the widow of C. D. Harp, who died intestate in the parish of De Soto, and left as his sole heirs at law the defendants, A. Bruce Harp, Mrs. Evelyn Brown, and Mrs. Sallie H. McCrory.
 

 The other defendants are judgment creditors of C. D. Harp and A. Bruce Harp. These judgments were obtained and duly recorded in De Soto parish during the community formerly existing between plaintiff and her deceased husband.
 

 In the present suit, plaintiff seeks to have certain real estate, of which she has the actual possession, and which was acquired in her name during the community, decreed to be her separate and paraphernal property.
 

 The defendants, the heirs of plaintiff’s deceased husband, made no axjpearanee in the lower court, and default was confirmed as to them.
 

 The defendant judgment creditors filed an exception of no cause of action, which was overruled, and answered by entering a general denial.
 

 Judgment was rendered for plaintiff as prayed for, and the defendant judgment creditors, with one of the heirs, Mrs. Sallie H. McCrory, have appealed.
 

 The main issue in the case is whether the exception of no cause of action should have been sustained in the lo.wer court.
 

 Plaintiff alleges that she is the true and lawful owner and has actual possession of the property described in the petition.
 

 Plaintiff further alleges that said property is her separate, paraphernal property, although acquired during the existence of the community, and was acquired with her separate and paraphernal funds, and for the use and benefit of her separate and paraphernal estate.
 

 Plaintiff then sets forth and annexes to her petition the various acts of transfer by which she acquired the property in question. In the annexed act of sale to plaintiff from her father, Robert B. Hollingsworth, of 188.60 acres of land on January 22, 1887, he acknowledges that the amount of $1,772 of the purchase price was due plaintiff from her mother’s estate.
 

 Plaintiff alleges that these transfers were received by her for the use and benefit of her separate and paraphernal estate, and that the considerations therefor were derived and paid entirely from property, credits, and funds belonging to the separate and para-phernal estate of petitioner, separately administered and owned by her, and that no part of the -same was derived from or paid by the community then existing between petitioner and her husband, or by C. D. Harp.
 

 Plaintiff further alleges that her husband, C. D. Harp, during his lifetime recognized, at all times, the property herein claimed by
 
 *591
 
 her as her separate and paraphernal estate, and did not, at any time,, question her ownership of this property.
 

 An exception of no cause of action must be determined by the averments of plaintiff’s petition, construed with the recitals of accompanying documents which are thereto annexed and made parts thereof. Tutorship of Scarborough, 43 La. 315, 8 So. 940.
 

 The act of sale from Robert B. Hollingsworth to plaintiff, his daughter, annexed to and made part of the petition in this case, clearly informed the defendants, at the time the exception of no cause qf action was filed, that the estate of plaintiff’s mother was the source of plaintiff’s separate funds with Which the property claimed by her had been purchased.
 

 Defendants’ remedy, therefore, was a. resort to an exception of vagueness, and not to an exception of no cause of action, if defendants desired to ascertain each item of the funds or credits entering into the acquisition of the property by plaintiff.
 

 The uneontradieted evidence, admitted on the trial of the case, is to the effect that the property, conveyed to plaintiff by the various transfers upon which she relies, was so conveyed in settlement of her interest as heir in the estate of her deceased mother.
 

 Judgment affirmed.